IN THE MATTER OF THE NASSAU CABLE COMPANY.

*Report of commissioners deciding as to the necessity of constructing a surface railroad in a city street — power of the General Term to send the case back for a further hearing — 1884, chap. 252.*

Where the commissioners appointed under chapter 252 of 1884, to determine whether or not a surface railroad should be constructed in the streets of a city, have reported, as required by section 6 of the said act, to the General Term by which they were appointed, that the road should not be constructed, the General Term has no power, in the absence of proof of fraud or manifest irregularity, to send the case back for a further hearing, or to appoint new commissioners to rehear the matter.

If it appears that the commissioners have refused to hear the parties, or to take any evidence. or that the report is such as to show fraud or irregularity, the General Term may send the matter back to the commissioners for a further hearing; but an erroneous ruling by the commissioners in excluding testimony or in admitting immaterial or even incompetent or hearsay evidence, will not warrant it in so doing.

MOTION to send back for further action the report made by the commissioners appointed to determine whether the railroad proposed to be built by the Nassau Cable Railway Company of Brooklyn ought to be constructed and operated, or to appoint a new commission to determine the same.

*Homer A. Nelson,* for the Nassau Cable Company, petitioner.

*B. D. Silliman and others,* property owners, opposed.

PRATT, J. :

This proceeding was instituted under chapter 252 of Laws of 1884. Section 5 of that act provides that a General Term of the Supreme

Court shall appoint commissioners who, under section 4 of said act, shall determine whether such road ought to be constructed.

Section 6 thus provides: "The said commissioners shall determine, after such public hearing of all parties interested, whether such railroad ought to be constructed and operated, and shall make a report thereon, together with the evidence taken, to said General Term, and their determination that such road ought to be constructed and operated, confirmed by said court, shall be taken in lieu of the consent of the property owners before mentioned."

There seems to be no occasion for action by the court, except to confirm a favorable report or to refuse confirmation. It is made a condition precedent to a right to construct such railroad for the company, to either obtain the consent of the property owners or a *favorable* report of commissioners confirmed by the court. It is plain, therefore, that there is nothing before the court to be confirmed, as the report is not favorable.

The next question relates to the power and propriety of sending the report back for future hearing, or the appointment of other commissioners to rehear the matter, and this question depends in a large measure upon the nature and duties of the commission appointed by the court.

If these commissioners constitute a judicial tribunal, bound to proceed according to technical rules in hearing the parties, then palpable errors in ruling upon questions of evidence, or refusing to regard the weight of evidence, would be just cause for setting aside the report and sending the matter back to the same or other commissioners. But if the statute was intended to provide for a tribunal like a town meeting or a legislative committee, not bound to regard rules of evidence strictly, then the objections here raised will not avail to petitioners.

I think the latter view is the correct one. The commissioners can take into consideration all matters material to determine whether the road ought to be constructed as proposed. They may view the matter, and their eyes and judgment, as men, may testify and furnish grounds upon which to base their determination. But they must give all parties interested an opportunity to be heard as provided in the statute, and conduct the proceedings in a regular and orderly manner.

Inasmuch as their report requires confirm..tion to give it validity, there is an implied power granted to the court to determine whether the commissioners have performed their duties under the statute. In case it should appear that commissioners had refused to hear the parties or to take any evidence, or the report was such as to plainly show fraud or irregularity, to hold that it could not be, sent back would deprive the petitioner of a statutory right. An erroneous ruling in excluding testimony or in admitting immaterial or even incompetent or hearsay evidence is not sufficient to warrant sending a case back for future hearing. All that the commissioners passed upon was the precise application as made, and all that need be said upon the subject is that they have failed to make a favorable report, and the same is not in any manner impeached for fraud or irregularity. The commission was required to pass upon the petition as a whole and they have done so. Whether it was competent for the commission to decide upon each street separately we are not now called upon to decide; all that need be determined is that it has not done so, and that having failed in so doing is not error calling for any action by this court. We do not deem it necessary to advert to the assignment of various errors committed by the commissioners, or to discuss the conclusions of fact which it is claimed ought to have been found.

All we decide is that in our view there is nothing before the court calling for any action as the report is not favorable, and no such fraud or irregularity is shown as to warrant sending the report back.

Motion denied, without costs to either party.

Present — BARNARD, P. J.; DYKMAN and PRATT, JJ.

Motion to send back report for further action denied, without costs to either party.